IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–01459–DDD–MDB

BOBBY E. HENARD,

    Plaintiff,

v.

CITY OF DENVER, THE,
DENVER HEALTH,
SETH HUMPHREYS,
JORDAN CHRISTENSEN,
JOHN DOE STUDENT PARAMEDIC,
JOHN/JANE DOE DOCTOR OF DENVER HEALTH, and
JOHN/JANE DOE NURSE OF DENVER HEALTH,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion to Produce Information of Denver Health Paramedics and John/Jane Doe Doctor in Claim for Service by U.S. Marshal. ([the "Motion"]; Doc. No. 43.) For the following reasons, the Motion is **DENIED**.

Plaintiff, a pro se[1] prisoner at the Jefferson County Detention Facility ["JCDF"], asserts claims under 28 U.S.C. § 1983. (*See generally* Doc. No 30.) Plaintiff has successfully served

---

[1] Mindful of Plaintiff's pro se status, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (holding the allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers").

Defendant Denver Health in this matter.[2] The docket indicates that Plaintiff has unsuccessfully attempted to serve the named individual Defendants as well as the John/Jane Doe Defendants. (*See* Doc. No. 39.) It is unclear whether Plaintiff has attempted to serve the City of Denver.

In the Motion, Plaintiff seeks discovery from Denver Health regarding the Individual and John/Jane Doe Defendants, specifically requesting "the last employee data … on all the 6-2-20 Defendant paramedics[.]" (Doc. No. 43.) However, to date, no scheduling conference has occurred, nor has the Court issued a scheduling order in this matter. Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Because Plaintiff is in custody, the matter is exempt from initial disclosures or a requirement to confer. *See* FED. R. CIV. P. 26(a)(1)(b)(iv); FED. R. CIV. P. 26(f)(1). Still, however, even under these conditions, discovery requests will not be propounded until the Court has filed a scheduling order. *See Vontress v. Nevada*, No. 218CV01746RFBPAL, 2019 WL 1767887, at *3 (D. Nev. Apr. 22, 2019) (denying a pro se prisoner's motion to compel discovery as premature when "the court has not yet entered a discovery plan and scheduling order …. Thus, the time period for discovery has not started"); *Henard v. Albers, et al.*, No. 21–cv–03123–WJM–MDB, (D. Colo. Feb. 21, 2023) (denying a similar motion filed by Plaintiff in a separate action).

For the foregoing reasons, it is **ORDERED** that

1. Plaintiff's Motion to Produce Information of Denver Health Paramedics and John/Jane Doe Doctor in Claim for Service by U.S. Marshal is **DENIED**.

---

[2] Defendant Denver Health has moved to dismiss the claims against it. (*See* Doc. No. 41.)

2. The Clerk is directed to mail a copy of this Order to Plaintiff at:

>Bobby E. Henard
>#01138778
>Jefferson County Detention Facility
>P.O. Box 16700
>Golden, CO 80402-6700

Dated this 7th day of June, 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge